UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Saint Torrance,
AKA Torrance Smith
       Plaintiff

    vs                                 Case No. C-1-06-437
                                        (Dlott, J.)
Firstar, d/b/a U.S. Bank, N.A.,    (Hogan, M.J.)
et. al.,
       Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Helvey & Associates' Motion for Summary Judgment (Doc. 15), Plaintiff's Motion in Opposition to Defendant Helvey & Associates' Motion for Summary Judgment as to all Claims (Doc. 20), and Defendant's Reply thereto (Doc. 22).

## BACKGROUND

Plaintiff filed this action pro se asserting claims for fraud, libel and slander, "bankruptcy violations," and intentional tort. (Doc. 2, Complaint, ¶¶ 11-14; 15-19; 25- 28; 29-31). Plaintiff alleges that he was the owner and mortgagee of property located at 2521 Rack Court in Cincinnati, Ohio. On January 7, 2002, U.S. Bank's predecessor, Firstar Bank, filed a foreclosure action against Plaintiff with respect to the

Rack Court property. (Id. at ¶ 4). On June 4, 2002, judgment was entered and an Order of Sale was issued on July 2, 2002. *See Firstar Bank vs. Torrance Smith, et. al.* Case No. A0200176 (Ham. Cty. Ct. Com. Pl. 2004).[1] Defendant US Bank was the successful bidder at the Sheriff sale on August 29, 2002. On September 13, 2002, a Notice of Bankruptcy was filed in the foreclosure action at which point the state action was stayed. *Id.* A discharge order in the bankruptcy action was issued on January 8, 2003. *In re Smith,* 02-bk-16796 at Doc. 21 (Bankr. S.D. Ohio)(J. Hopkins). On April 17, 2003, the automatic stay in the state foreclosure action was terminated. *Firstar Bank vs. Torrance Smith, et. al.* Case No. A0200176. Thereafter, an entry confirming the sale was entered on May 28, 2003. *Id.* On August 5, 2003, an order of possession was issued by the Court on behalf of US Bank against Plaintiff. *Id.* The property was then transferred to US Bank from Plaintiff by Sheriff's deed on May 5, 2004. *Id.*

On February 4, 2004, Cincinnati Gas & Electric (CG&E) referred Plaintiff's overdue account to Defendant Helvey for collection. (Doc. 15, Ex. C, Affidavit of Linda Reed, ¶ 3). CG&E represented to Helvey that the account was valid, due and owed by Plaintiff. (Id.) Defendant Helvey claims it did not contact Plaintiff after October of 2004. (Id. at ¶5). Furthermore, Defendant claims it did not furnish information regarding Plaintiff's account to credit reporting agencies after October of 2004. (Id. at ¶6).

Plaintiff filed this action on June 6, 2006, in the Court of Common Pleas for Hamilton County, Ohio. (Docs. 1, 2). The case was removed to this Court on July 7, 2006. (Doc. 1). Plaintiff alleges that Defendant US Bank failed to transfer the deed and utility accounts for the Rack Court property from Plaintiff's name, thereby causing Plaintiff to be billed erroneously for such utility bills. Plaintiff contends that Helvey reported the account on his credit report. (Id. at ¶7). Plaintiff further alleges that Defendant Helvey has "not rectified the situation . . . ." (Id. at ¶12). Plaintiff brings three causes of action against Defendant

---

[1] The Court takes judicial notice of proceedings in state court from which this case was removed. *See Rodic v. Thistledown Racing Club,* 615 F.2d 736, 738 (6th Cir. 1980)(citing *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)).

Helvey for: 1) libel and slander; 2) violation of the Fair Debt Collection Practices Act; and 3) "intentional tort." (Doc. 2, Complaint, ¶¶ 15-19; 20-24; 29-31).

## OPINION

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is

unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The crux of Plaintiff's claim is that Defendants are unjustly charging Plaintiff for utility bills. Plaintiff disputes that he is the responsible party on the accounts with CG&E[2] and Cincinnati Water Works with respect to the Rack Court property. Plaintiff's claims against Defendant Helvey stem from its attempts to collect on said accounts.

Defendant's argue that Plaintiff's claim for libel and slander is barred by the statute of limitations. Ohio Revised Code § 2305.11 provides, in pertinent part, that "[a]n action for libel, slander, . . . shall be commenced within one year after the cause of action accrued. . . ." O.R.C. § 2305.11(A). Defendant's contention that it furnished no information regarding Plaintiff's account to credit reporting agencies after October, 2004, is not disputed by Plaintiff. Plaintiff's Complaint was filed on June 6, 2006. (Docs. 1, 2). Accordingly, we find that Plaintiff's claim for libel and slander is time-barred and should be dismissed against Defendant Helvey & Associates.

Defendant next argues that Plaintiff's claim for violation of the Fair Debt Collection Practices Act (FDCPA) is time-barred by the applicable statute of limitations. 15 U.S.C. § 1692k provides, in pertinent part, that:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

---

[2] In 1994, CG&E was part of a merger with two other energy companies into one Cinergy Corporation. Cinergy was then acquired by Duke Energy in 2005.

15 U.S.C. § 1692k(d). In the present case, Plaintiff does not dispute that CG&E referred Plaintiff's overdue account to Defendant Helvey for collection on February 4, 2004. (Doc. 15, Reed Affidavit at ¶ 3). It is further undisputed that Helvey has not furnished any information regarding Plaintiff's account since October, 2004. (Id. at ¶5). Moreover, Plaintiff has not disputed that Helvey has not contacted him since October, 2004. (Id. at ¶6). Because Plaintiff's Complaint was not filed until June 6, 2006, it is time-barred pursuant to 15 U.S.C. § 1692k(d).

Lastly, Defendant argues that Plaintiff's claim for intentional infliction of emotional distress[3] should be dismissed because Plaintiff has failed to show that Defendant's conduct was so outrageous "as to go beyond all possible bounds of decency." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 453 N.E.2d 666, 671 (Ohio 1983). We agree. Plaintiff has provided the Court with no evidence which establishes that Defendant's alleged conduct was so extreme as to "lead [the average member of the community] to exclaim, 'outrageous!'" *Yeager*, 453 N.E.2d at 671. Accordingly, we find that Plaintiff's claim for intentional infliction of emotional distress should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendant Helvey & Associates' Motion for Summary Judgment (Doc. 15) be GRANTED and Plaintiff's Complaint be DISMISSED as against Defendant Helvey & Associates.

Date: 10/19/07

Timothy S. Hogan
United States Magistrate Judge

---

[3] Plaintiff's Complaint does not state what intentional tort he is asserting. (*See* Doc. 2, ¶¶29-31). However, the Court assumes, as does Defendant, that Plaintiff's claim is one for intentional infliction of emotional distress.

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Saint Torrence<br>2766 W. North Bend Rd. #2<br>Cinti, OH 45239 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7007 1490 0001 0562 6448 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:06cv437 Doc. 44