**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

---

Saint Torrance,
AKA Torrance Smith
Plaintiff

vs

Firstar, d/b/a U.S. Bank, N.A.,
et. al.,
Defendants

Case No. C-1-06-437
(Dlott, J.)
(Hogan, M.J.)

---

## REPORT AND RECOMMENDATION

---

This matter is before the Court on Defendant City of Cincinnati's Motion for Judgment on the Pleadings (Doc. 25), and Plaintiff's Motion in Opposition of Defendant Cincinnati Water Works Judgment on the Pleadings, A Stay of Mediation (Doc. 30).

## BACKGROUND

Plaintiff filed this action pro se asserting claims for fraud, libel and slander, "bankruptcy violations," and intentional tort. (Doc. 2, Complaint, ¶¶ 11-14; 15-19; 25- 28; 29-31). Plaintiff alleges that he was the owner and mortgagee of property located at 2521 Rack Court in Cincinnati, Ohio. On January 7, 2002, U.S. Bank's predecessor, Firstar Bank, filed a foreclosure action against Plaintiff with respect to the Rack Court property. (Id. at ¶ 4). On June 4, 2002, judgment was

entered and an Order of Sale was issued on July 2, 2002. *See Firstar Bank vs. Torrance Smith, et. al.* Case No. A0200176 (Ham. Cty. Ct. Com. Pl. 2004).[1] Defendant US Bank was the successful bidder at the Sheriff sale on August 29, 2002. On September 13, 2002, a Notice of Bankruptcy was filed in the foreclosure action at which point the state action was stayed. *Id.* A discharge order in the bankruptcy action was issued on January 8, 2003. *In re Smith,* 02-bk-16796 at Doc. 21 (Bankr. S.D. Ohio)(J. Hopkins). On April 17, 2003, the automatic stay in the state foreclosure action was terminated. *Firstar Bank vs. Torrance Smith, et. al.* Case No. A0200176. Thereafter, an entry confirming the sale was entered on May 28, 2003. *Id.* On August 5, 2003, an order of possession was issued by the Court on behalf of US Bank against Plaintiff. *Id.* The property was then transferred to US Bank from Plaintiff by Sheriff's deed on May 5, 2004. *Id.*

On February 4, 2004, Cincinnati Gas & Electric (CG&E) referred Plaintiff's overdue account to Defendant Helvey for collection. (Doc. 15, Ex. C, Affidavit of Linda Reed, ¶ 3). CG&E represented to Helvey that the account was valid, due and owed by Plaintiff. (Id.) Defendant Helvey claims it did not contact Plaintiff after October of 2004. (Id. at ¶5). Furthermore, Defendant claims it did not furnish information regarding Plaintiff's account to credit reporting agencies after October of 2004. (Id. at ¶6).

Plaintiff filed this action on June 6, 2006, in the Court of Common Pleas for Hamilton County, Ohio. (Docs. 1, 2). The case was removed to this Court on July 7, 2006. (Doc. 1). Plaintiff alleges that Defendant US Bank failed to transfer the deed and utility accounts for the Rack Court property from Plaintiff's name, thereby causing Plaintiff to be billed erroneously for such utility bills. Plaintiff contends that Helvey reported the account on his credit report. (Id. at ¶7). Plaintiff further alleges that Defendant Helvey has "not rectified the situation . . . ." (Id. at ¶12). Plaintiff brings three causes of action against Defendant

[1] The Court takes judicial notice of proceedings in state court from which this case was removed. *See Rodic v. Thistledown Racing* Club, 615 F.2d 736, 738 (6th Cir. 1980)(citing *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)).

Helvey for: 1) libel and slander; 2) violation of the Fair Debt Collection Practices Act; and 3) "intentional tort." (Doc. 2, Complaint, ¶¶ 15-19; 20-24; 29-31).

## OPINION

In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true." *U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)(quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6thCir. 1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid*

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)(citations omitted)(emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

The crux of Plaintiff's claim is that Defendants are unjustly charging Plaintiff for utility bills. Plaintiff disputes that he is the responsible party on the accounts with CG&E[2] and Cincinnati Water Works with respect to the Rack Court property.

City of Cincinnati argues that the named Defendant Cincinnati Water Works is not *sui juris* and, therefore, cannot be sued. The Cincinnati Water Works, as a department of the City of Cincinnati, a municipal corporation, is not *sui juris* and cannot be sued absent statutory authority. *See City of Cuyahoga Falls v. Robart*, 567 N.E.2d 987, 992 (Ohio 1991)(citing *State, ex. rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E.2d 544, 547 (Ohio 1973); *Council of Whitehall v. Rogers*, 432 N.E.2d 216 (Ohio 1980)). Pursuant to Ohio Revised Code § 715.01, "[e]ach municipal corporation is a body politic and corporate, which . . . may sue and be sued. . . ." O.R.C. § 715.01. However, there is no statutory authority affording a department, such as Cincinnati Water Works, the capacity to be sued. Thus, it appears that the City of Cincinnati is the real party in interest. As such, Plaintiff has failed to demonstrate that the Cincinnati Water Works is *sui juris* and his claims against such should be dismissed. *See Robart*, 567 N.E.2d at 992.

---

[2] In 1994, CG&E was part of a merger with two other energy companies into one Cinergy Corporation. Cinergy was then acquired by Duke Energy in 2005.

Even assuming Plaintiff's claims for fraud, libel and slander and intentional infliction of emotional distress were brought against the proper party, Plaintiff's claims fail as the Court is without jurisdiction over said claims.[3] Ohio Revised Code § 4905.04 grants to the Ohio Public Utilities Commission ("PUCO") the power and jurisdiction to supervise and regulate public utilities. Ohio Revised Code § 4905.26 provides in pertinent part,

> Upon complaint in writing against any public utility by any person, . . . , that any rate, . . ., charge, . . . , or service, . . . , or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, . . . , or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is,. . ., in any respect unreasonable, unjust, . . ., if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof. Such notice shall be served not less than fifteen days before hearing and shall state the matters complained of. The commission may adjourn such hearing from time to time.

"The Commission has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts (except [the Ohio Supreme Court]) any jurisdiction over such matters." *State ex. rel., the Illuminating Company v. Cuyahoga Court of Common Pleas, et. al.,* 776 N.E.2d 92, 96 (Ohio 2002)(quoting *State ex. rel. Cleveland Elec. Illum. Co. v. Cuyahoga Court of Common Pleas,* 727 N.E.2d 900, 903 (Ohio 2000)). While courts retain limited subject matter jurisdiction over

---

[3] While the City has not addressed the issue in its motion, we find it appropriate to *sua sponte* consider the issue of subject matter jurisdiction at this juncture. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

pure common-law tort and certain contract actions involving utilities regulated by the commission, *see e.g. State ex. rel., the Illuminating Company*, 776 N.E.2d at 97, Plaintiff's claim for fraud does not arise under these types of actions. Plaintiff's fraud claim in Count I of his Complaint alleges that Cincinnati Water Works continued to bill Plaintiff for utility accounts for 2521 Rack Court in error. Simply stated, Plaintiff disputes that he is the responsible party on the accounts with Cincinnati Water Works. Such a claim is clearly within the exclusive jurisdiction of PUCO and we are, therefore, without jurisdiction over Plaintiff's fraud claim.

Although the Courts retain limited subject matter jurisdiction over pure common law tort actions involving utilities regulated by the commission, simply "'[c]asting the allegations in the complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court' when the basic claim is one that the commission has exclusive jurisdiction to resolve." *The Illuminating Company*, 776 N.E2d at 97 (quoting *Higgins v. Columbia Gas of Ohio, Inc.*, 736 N.E.2d 92, 95 (Ohio 2000)). In the present case, Plaintiff's claims against the City are clearly based on his belief that he is being unjustly charged for utility bills with respect to the Rack Court property. Thus, although presented as claims sounding in tort, Plaintiff's claims against the City are, in fact, service related complaints and are within the exclusive jurisdiction of PUCO. Accordingly, for the reasons stated above, we find that, in the event Plaintiff's claims can be construed as against the City, Defendant's motion should be granted with respect to Dismiss Counts I, II and V of Plaintiff's Complaint.

Plaintiff has alleged that Defendants have violated the discharge injunction by failing to remove his name from the utility accounts for the Rack Court property. However, Plaintiff's Complaint does not allege that the City is attempting to *collect* on the alleged debt owed to Cincinnati Water Works. As such, Plaintiff's Complaint fails to state a claim against the City for violation of the bankruptcy discharge injunction. For this reason, Count IV of Plaintiff's Complaint should be dismissed.

Additionally, it appears that any claims for "bankruptcy violations"should be pursued in the Bankruptcy Court. On October 24, 2005, a General Order Governing Bankruptcy Referral was issued which directs that "all cases under the Bankruptcy Act and Title 11 of the United States Code and all actions, matters or proceedings arising under Title 11 of the United States Code shall be referred to the Bankruptcy Judges for this Judicial District . . . ." General Order No. 05-02. Accordingly, pursuant to this Court's General Order Governing Bankruptcy Referral, General Order No. 05-02, any claims alleging a violation of the bankruptcy discharge order should be referred to the United States Bankruptcy Court for the Southern District of Ohio. *See Hamilton Allied Corp.*, 87 B.N.R. 43 (Bankr. S.D. Ohio 1988).

**IT IS THEREFORE RECOMMENDED THAT**

1) The City of Cincinnati's Motion for Judgment on the Pleadings (Doc. 25) be GRANTED.

2) Plaintiff's Complaint be DISMISSED as against Defendant Cincinnati Water Works.

3) To the extent Plaintiff's Complaint can be construed as against the City, Plaintiff's Complaint be DISMISSED as against the City of Cincinnati.

Date: 10/25/07

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\SMITHLE\SUMJUDG\Torrance\city.12(c).wpd

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Saint Torrance
2766 W North Bend Rd. #2
Cinti, OH 45239

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( *Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)*
7007 1490 0001 0562 6455

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509

1:06cv437 Doc. 46